Filed 12/21/15  P. v. Epperson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL LYNN EPPERSON,<br><br>    Defendant and Appellant. | C076892<br><br>(Super. Ct. Nos.<br>13F4652 & 13F5009) |

Appointed counsel for defendant Daniel Lynn Epperson has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On October 3, 2013, defendant was charged by information in case No. 13F5009 with receipt of a stolen motor vehicle (Pen. Code, § 496d, subd. (a) -- count 1)[1] and receipt of stolen property (§ 496, subd. (a) -- count 2). The information also alleged that, as to both counts, defendant served a prior prison term. (§ 667.5, subd. (b).)

On October 4, 2013, defendant was charged by information in case No. 13F4652 with kidnapping for carjacking (§ 209.5, subd. (a) -- counts 1, 21, 30, & 38), kidnapping for robbery (§ 209, subd. (b) -- counts 2, 22, & 39), criminal threats (§ 422 -- counts 3, 27, & 33), preventing or dissuading a witness or victim from testifying (§ 136.1, subd. (a)(1) -- counts 4, 34, & 44), false imprisonment by violence (§ 236 -- counts 5, 26, 36, & 43), carjacking (§ 215, subd. (a) -- counts 6, 13, 23, 29, & 42), kidnapping (§ 207, subd. (a) -- counts 7, 24, 32, & 40), second degree robbery (§ 211 - counts 8, 14, 25, 31, & 41), carrying a loaded firearm with intent to commit a felony (§ 25800 -- count 9), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a) -- counts 10, 19, 37, & 45), receiving a stolen motor vehicle (§ 496d, subd. (a) -- count 11), possession of an injecting or smoking device (Health & Saf. Code, former § 11364.1 -- count 12), attempted kidnapping for carjacking (§§ 664/209.5 -- count 15), attempted kidnapping for robbery (§§ 664/209, subd. (b) -- count 16), attempted kidnapping (§§ 664/207, subd. (a) -- count 17), possession of a firearm by a felon (§ 29800, subd. (a) -- counts 18 & 35), receipt of stolen property (§ 496, subd. (a) -- count 20), and battery (§ 242 -- count 28). With the exception of counts 12 and 28, all of the charged offenses were felonies. The information also alleged as follows:

As to counts 1 through 11, 13 through 27, 29 through 34, and 36, defendant suffered one prior felony conviction (§ 667.5, subd. (b));

----

[1] Undesignated statutory references are to the Penal Code.

As to counts 1, 2, 4 through 8, 13 through 17, 29 through 34, and 36, defendant personally used a firearm (§ 12022.53, subd. (b)); and

As to counts 1 through 11, and 13 through 27, defendant was armed with a firearm (§ 12022, subd. (a)(1)).

Defendant's motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, filed in both cases, was heard and denied.

Defendant entered a negotiated plea whereby, in case No. 13F4652 he pleaded no contest to counts 6, 13, and 23, and in case No. 13F5009 he pleaded no contest to count 1 and admitted he personally used a firearm in the commission of count 6, in exchange for a stipulated sentence of 19 years in prison and dismissal with a *Harvey* waiver[2] of the balance of charges, allegations, and other cases pending against him.[3] The factual basis to substantiate the plea[4] is as follows:

*Case No. 13F4652*

Count 6: On or about July 13, 2013, defendant took a 2008 Nissan Versa "in the possession of Brandon Sorling . . . or the immediate possession and from the immediate presence of a passenger of the car against the will of the person and with the intent to either permanently or temporarily deprive the person of possession of that vehicle" by means of force or fear. Defendant personally used a firearm during commission of the offense.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

[3] The additional cases dismissed include case Nos. 13F3663, 13F4653, 13F4807, 13F5755, 13M4619, 13CP0044, 13F7551, 13F5010, and 13F6859.

[4] The court noted the factual basis for the plea was based on "the Redding Police Department case numbers 1348968, 1350225 and the Anderson Police Department case [number] 138008.

3

Count 13:  On or about July 17, 2013, defendant took a 1995 Honda Civic "in the possession of Scott Kholer from his person and immediate possession or from the immediate presence of a passenger and against the will of that person with the intent to either permanently or temporarily deprive the person of possession to the vehicle" by means of force or fear.

Count 23:  On or about July 13, 2013, defendant took a 2002 Ford Ranger "in the possession of Jared Rapp and that was taken from that person or the immediate possession or presence of the person or a passenger against their will and with the intent to either permanently or temporarily deprive the person of possession of the vehicle" by means of force or fear.

*Case No. 13F5009*

Count 1:  On or about May 4, 2013, defendant willfully and unlawfully bought, received, concealed, sold, or withheld, or aided in doing so, a 1994 Nissan Altima belonging to Joshua Anderson and Jessica Corine knowing the vehicle was stolen.[5]

On May 2, 2014, the trial court denied probation and sentenced defendant to an aggregate term of 19 years in state prison as follows:  In case No. 13F4652, the court sentenced defendant to the middle term of five years on count 6, plus a consecutive 10-year term for the firearm enhancement, and two consecutive 20-month terms (one-third the middle term) on counts 13 and 23; in case No. 13F5009, the court sentenced defendant to a consecutive eight-month term (one-third the middle term) on count 1.  The court awarded defendant 332 days of presentence custody credit (289 actual days plus 43 conduct credits) and imposed fees and fines, including a $5,000 restitution fine (§ 1202.4), a $5,000 parole revocation restitution fine, stayed pending successful completion of parole (§ 1202.45), a $160 court operations fee (§ 1465.8), a $120 criminal

---

[5]  The court noted the factual basis for the plea was based on "the Anderson Police Department case number 136052."

conviction assessment (Gov. Code, § 70373), a $39 crime prevention fine (comprised of $10 pursuant to § 1202.5, $10 pursuant to § 1464, $1 pursuant to Gov. Code, § 76104.6, $4 pursuant to Gov. Code, § 76104.7, $5 pursuant to Gov. Code, § 70372, subd. (a)(1), $7 pursuant to Gov. Code, § 76000, subd. (a)(1), and $2 pursuant to § 1465.7).  The court subsequently determined the amount of restitution to be paid to the various victims.

Defendant filed a timely notice of appeal.  The court granted his request for a certificate of probable cause.  (§ 1237.5.)

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

        /s/
        Blease, Acting P. J.

We concur:

  /s/
Hull, J.

  /s/
Renner, J.